IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | ACTION NO. 6:05CR32 |
| ESTEVAN CAMACHO | § | |

REPORT AND RECOMMENDATION ON
REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Estevan Camacho's supervised release based on his violation of three conditions. The Defendant waived his right to a revocation hearing and pleaded "true" to the allegations. It is the recommendation of the undersigned that the plea be accepted and that the Defendant be sentenced to serve seven months imprisonment.

*Background*

After pleading guilty to the offense of possession with intent to distribute marijuana, a Class D felony, the Defendant was sentenced on February 13, 2002, by the Honorable Royal Furgeson to 30 months imprisonment. He was also ordered to serve three years of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment and mandatory drug testing. On August 29, 2003, Mr. Camacho completed his period of imprisonment and began service of his supervision term.

*The Allegations*

United States Probation Officer Christi Ogden alleges that the Defendant violated three conditions of release. The first condition, that he report as directed to the U.S. Probation Officer, was violated when he failed to submit monthly written reports for the months of September through December 2004 and January through April 2005. The second condition, that he notify the probation officer ten days prior to any change of residence or employment, was violated when he moved from his residence at 10116 Carson Dr., Tyler, Texas, on or before December 1, 2004. The third condition, that he notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, was violated when he failed to notify the probation officer of his August 30, 2004 arrest as required.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. In the present case, the Defendant's original offense was a Class D felony; therefore, the maximum imprisonment sentence is two years.

Under the Sentencing Guidelines, if the Court finds that the Defendant committed the violations alleged, he is guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a)(2). The Defendant's original criminal history was III. The Guidelines, therefore, provide that the Defendant's guideline range is 5 to 11 months. U.S.S.G § 7B1.4(a).

Finally, under U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. *Id.*

*The Hearing*

On July 27, 2005, the Defendant appeared for his final revocation hearing represented by the U.S. Public Defender, Mr. Wayne Dickey. After the Court explained to the Defendant his right to a hearing, the Defendant waived his right to a revocation hearing and entered a plea of "true" to the allegations stated in the Petition.

*Findings and Conclusions*

I find that the Defendant was competent and that his plea and waiver of the Revocation Hearing were knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations made by the Government are true. Defendant is guilty of a Grade C violation and his supervised release should be revoked. I further find and conclude that he should be sentenced to seven months imprisonment for the violations.

## RECOMMENDATION

In light of the foregoing, it is recommended that the Defendant's term of supervised release be **REVOKED** and that he be sentenced to seven months imprisonment.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified the Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its

right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke the Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of seven months. It is further recommended that the Court recommend placement at the FCI Seagoville.

SIGNED this __27__ day of July, 2005.

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE